UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RELIANT PRO REHAB, LLC, | § | **JURY TRIAL DEMANDED** |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:16-CV-920 |
| | § | |
| BENJAMIN ATKINS, | § | |
| REMKO VAN DER VOORDT, | § | |
| THE REHAB DEPARTMENT, LLC, | § | |
| TRADITIONS SENIOR MANAGEMENT, INC., | § | |
| LA MANAGEMENT HOLDINGS, LLC, | § | |
| BOTETOURT HEALTH CARE, LLC, | § | |
| CHESAPEAKE REHABILITATION | § | |
| & CARE CENTER, LLC, | § | |
| ESSEX REHAB & CARE CENTER, LLC, | § | |
| BIRDMONT HEALTH CARE, LLC, | § | |
| CPLACE UNIVERSITY SNF, LLC, | § | |
| CPLACE TIMBERWOOD SNF, LLC, | § | |
| CPLACE SPRINGHILL SNF, LLC, | § | |
| CPLACE COLONIAL RC, LLC, | § | |
| CPLACE FOREST PARK SNF, LLC, | § | |
| CPLACE UNITY SNF, LLC, AND | § | |
| CPLACE BATON ROUGE SNF, LLC, | § | |
| | § | |
| DEFENDANTS. | § | |

**PLAINTIFF'S COMPLAINT**

Plaintiff Reliant Pro Rehab, LLC brings this lawsuit against Defendants Benjamin

Atkins, Remko van der Voordt, Traditions Senior Management, Inc., LA Management

Holdings, LLC, Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center,

LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University

SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial

**PLAINTIFF'S COMPLAINT — PAGE 1**

RC, LLC, CPlace Forest Park SNF, LLC, Delta Regional Holdings, LLC, CPlace Unity SNF,

LLC, and CPlace Baton Rouge SNF, LLC.

## PARTIES, JURISDICTION, AND VENUE

1.      Reliant Pro Rehab, LLC ("Reliant") is a limited-liability company. Its principal

place of business is in Texas. Its sole equity member is Reliant Rehabilitation Holdings, Inc.,

which is a Delaware corporation with a principal place of business is in Texas.

2.      Benjamin Atkins is an individual that resides in Florida. He engages in

business in this state but has not designated a registered agent for service of process and

does not maintain a regular place of business in this state. The Texas Secretary of State is

therefore an authorized agent for service of process and may be served at Citations Unit,

Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should

forward this Complaint to 804 Eldorado Ave., Clearwater Beach, Florida 33767.

3.      Remko van der Voordt is an individual that resides in Florida. He engages in

business in this state but has not designated a registered agent for service of process and

does not maintain a regular place of business in this state. The Texas Secretary of State is

therefore an authorized agent for service of process and may be served at Citations Unit,

Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should

forward this Complaint to 1983 Church Creek Pt., Largo, Florida 33774.

4.      The Rehab Department, LLC is a limited-liability company. Its principal place

of business is in Florida. Upon information and belief, its equity member is an individual

that resides in Florida. Defendant engages in business in this state but has not designated a

registered agent for service of process and does not maintain a regular place of business in

this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is 1712 Pioneer Avenue, Suite 500, Cheyenne, Wyoming 82001.

5.       Traditions Senior Management, Inc. is a Nevada corporation. Its principal place of business is in Florida. It engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is United State Corporation Agents, Inc., 500 N. Rainbow Blvd., Suite 300A, Las Vegas, NV 89107.

6.       LA Management Holdings, LLC is a limited-liability company. Its principal place of business is in Florida. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is Aaron Bloom, 24671 U.S. Highway 19 N, Clearwater, FL 33763.

PLAINTIFF'S COMPLAINT — PAGE 3

7.      Botetourt Health Care, LLC, is a limited-liability company. Its principal place of business is in Florida. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

8.      Chesapeake Rehabilitation & Care Center, LLC is a limited-liability company. Its principal place of business is in Florida. Upon information and belief, this company is owned by Creative Care Resources, LLC, Careen, LLC, and West Coast Commonwealth Partners, LLC, the latter of which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of Creative Care, Careen, and LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its

**PLAINTIFF'S COMPLAINT — PAGE 4**

registered agent at its registered office, which is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

9.    Essex Rehab and Care Center, LLC, is a limited-liability company. Its principal place of business is in Florida. Upon information and belief, the equity member of this company is Defendant Benjamin Atkins, who resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

10.    Birdmont Health Care, LLC is a limited-liability company. Its principal place of business is in Florida. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, Virginia 23060.

**PLAINTIFF'S COMPLAINT — PAGE 5**

11.     CPlace University SNF, LLC is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

12.     CPlace Timberwood SNF, LLC is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

PLAINTIFF'S COMPLAINT — PAGE 6

13.      CPlace Springhill SNF, LLC is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

14.      CPlace Colonial RC, LLC, is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida. Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

15.    CPlace Forest Park SNF, LLC is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida.  Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

16.    CPlace Unity SNF, LLC is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida.  Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

PLAINTIFF'S COMPLAINT — PAGE 8

17.     CPlace Baton Rouge SNF, LLC, is a limited-liability company. Its principal place of business is in Louisiana. Upon information and belief, this company is owned by West Coast Commonwealth Partners, LLC, which is owned by LTC Diversified California Holdings, LLC. Upon information and belief, the equity member of LTC is an individual that resides in Florida.  Defendant engages in business in this state but has not designated a registered agent for service of process and does not maintain a regular place of business in this state. The Texas Secretary of State is therefore an authorized agent for service of process and may be served at Citations Unit, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.  The Secretary should forward this Complaint to its registered agent at its registered office, which is CT Corporation System, its registered agent, at 3867 Plaza Tower Drive, Baton Rouge, LA 70816.

18.     This Court has personal jurisdiction over Defendants because they contracted with a Texas resident, and they have contractually consented to personal jurisdiction in Texas.

19.     This Court has subject-matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1) because the amount in controversy (excluding interest and costs) exceeds $75,000, and this litigation is between citizens of different states.

20.     Venue is proper in this district and division under 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this district and division and because Defendants are subject to personal jurisdiction in this district.

**FACTUAL BACKGROUND**

21.     Reliant provides rehabilitation management services to acute-care hospitals, skilled-nursing facilities, subacute facilities, long-term acute-care hospitals, rehabilitation hospitals, and continuing-care retirement communities. These services include professional staffing in various medical environments.

22.     In 2012, Reliant entered into contracts with Defendants to provide services. The contracts have been amended twice.

23.     Reliant has provided these services and has invoiced Defendants, who have fallen behind in paying these invoices.

24.     Reliant has demanded that Defendants bring their accounts receivable current. To date, they remain in arrears. To date, Defendants owe Plaintiff $1,359,770.60.

25.     All conditions precedent have occurred or been performed.

**COUNT I**
**BREACH OF CONTRACT**

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 25 of this Complaint.

26.     Plaintiff entered into enforceable contracts with Defendants, and Plaintiff fully performed its obligations. Defendants materially breached these contact by failing to pay Plaintiff for services rendered. Plaintiff has been damaged in an amount within the jurisdiction of this Court as a result of Defendants' breaches.

27.     Plaintiff has been forced to retain counsel, and it therefore seeks to recover its attorney's fees under Section 38.001 *et seq.* of the Texas Civil Practice & Remedies Code, as well as pre- and postjudgment interest and litigation costs.

## COUNT II
## QUANTUM MERUIT

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 27 of this Complaint.

28.     Plaintiff provided valuable services to Defendants.  These services were accepted and used by Defendants under circumstances that reasonably notified Defendants that Plaintiff expected to be paid. Plaintiff therefore seeks to recover the reasonable value of its services.

## COUNT III
## FRAUDULENT INDUCEMENT

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 28 of this Complaint.

29.     In May of 2015, Plaintiff and Defendant Benjamin Atkins, on behalf of Defendants, negotiated and entered into a second amendment to its contracts with Defendants. Among other things, Plaintiff agreed to discount the amounts Defendants owed and to relax the prior agreements' nonrecruitment clauses in exchange for Defendants paying their discounted amounts owed by a certain date.

30.     Defendants breached these amended contracts, and they had no intention of performing them at the time they entered into them. Specifically, Defendants immediately stopped paying Plaintiff's invoices and began recruiting Plaintiff's employees to develop its

own in-house therapy services in competition with Plaintiff. Defendants intended for Plaintiff to rely on their false promises in deciding to enter into these amended contracts, and Plaintiff has been damaged as a result of justifiably relying on Defendants' false promises.

31.     Plaintiff seeks to recover its damages and to set aside these amendments. And given that Defendants' conduct was fraudulent and malicious, Plaintiff seeks exemplary damages in an amount sufficient to punish Defendants and to deter others from engaging in similar behavior.

### COUNT IV
### COMMON-LAW FRAUD

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 31 of this Complaint.

32.     By making contractual promises that it had no intention of performing when they made them, Defendants made false promises of future performance. Plaintiff justifiably relied on these false promises, and it was damaged as a result of Defendants' breaches.

33.     Plaintiff seeks to recover its damages and to set aside these amendments. And given that Defendants' conduct was fraudulent and malicious, Plaintiff seeks exemplary damages in an amount sufficient to punish Defendants and to deter others from engaging in similar behavior.

### COUNT V
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

Plaintiff incorporates by reference the allegations in Paragraphs 1 through 33 of this Complaint.

34.     On August 10, 2015, Defendant Remko van der Voordt, a former principal of Defendants, filed for the entity The Rehab Department, LLC with the Wyoming Secretary of State.

35.     After this entity was created with Defendants' knowledge, Plaintiff and Benjamin Atkins, on behalf of Defendants, agreed to a joint audit between Plaintiff and Defendants, to be carried out by an independent auditor. The audit was scheduled for August 26, 2015. Meanwhile, unbeknownst to Plaintiff, Defendants hired Defendant Remko van der Voordt — a former principal of Defendants and the new principal of Defendant The Rehab Department, LLC — to conduct an audit the weekend before. To be charitable, Mr. van der Voordt's audit findings were neither objective nor accurate, and his findings were not timely provided to Plaintiff. When Plaintiff's audit team arrived in Florida for the joint audit, Defendants informed Plaintiff that (a) Remko van der Voordt had conducted a unilateral audit, (b) the joint audit had been canceled, and (c) they were terminating their contacts with Plaintiff.

36.     Defendant The Rehab Department, LLC was soon awarded Plaintiff's contract, and Defendants began an aggressive campaign to recruit Plaintiff's employees to service this new contract with The Rehab Department, LLC.

37.     Plaintiff had existing contracts with Defendants. Mr. van der Voordt's sham audit was a willful and intentional act of interference with these contracts, and his actions proximately caused Plaintiff's damages. And given that Defendants' conduct was fraudulent and malicious, Plaintiff seeks exemplary damages in an amount sufficient to punish Defendants and to deter others from engaging in similar behavior.

PLAINTIFF'S COMPLAINT — PAGE 13

## JURY-TRIAL DEMAND

38.     As allowed by Federal Rule of Civil Procedure 38, Plaintiff respectfully

demands a jury trial for all factual matters properly tried before a jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A.     Award Plaintiff its actual, direct, economic, statutory, incidental,

consequential, and exemplary damages;

B.     Award Plaintiff pre- and post-judgment interest, as well as its reasonable and

necessary attorney's fees and costs; and

C.     Grant Plaintiff whatever additional relief to which it is entitled.

Respectfully submitted,

/s/ Jack Balderson, Jr.
Jack Balderson, Jr.
State Bar No. 24031716
BALDERSON LAW PLLC
6021 Morriss Road, Suite 104
Flower Mound, Texas 75028
(972) 874-1500
(972) 874-1144 facsimile
jack@baldersonlaw.com
ATTORNEYS FOR PLAINTIFF
RELIANT PRO REHAB, LLC