IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RELIANT PRO REHAB, LLC** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **BENJAMIN ATKINS,** | § | |
| **REMKO VAN DER VOORDT,** | § | |
| **THE REHAB DEPARTMENT, LLC,** | § | |
| **TRADITIONS SENIOR MANAGEMENT,** | § | **CIVIL ACTION NO. 3:16-CV-920** |
| **INC.** | § | |
| **LA MANAGEMENT HOLDINGS, LLC,** | § | |
| **BOTETOURT HEALTH CARE, LLC,** | § | |
| **CHESAPEAKE REHABILITATION &** | § | |
| **CARE CENTER, LLC,** | § | |
| **ESSEX REHAB & CARE CENTER, LLC,** | § | |
| **BIRDMONT HEALTH CARE, LLC,** | § | |
| **CPLACE UNIVERSITY SNF, LLC,** | § | |
| **CPLACE TIMBERWOOD SNF, LLC,** | § | |
| **CPLACE SPRINGHILL SNF, LLC,** | § | |
| **CPLACE CONONIAL RC, LLC,** | § | |
| **CPLACE FOREST PARK SNF, LLC,** | § | |
| **CPLACE UNITY SNF, LLC, AND** | § | |
| **CPLACE BATON ROUGE SNF, LLC** | § | |
| | | |
| **Defendants.** | | |

### MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OF DEFENDANTS BENJAMIN ATKINS, REMKO VAN DER VOORDT, THE REHAB DEPARTMENT, LLC, TRADITIONS SENIOR MANAGEMENT, INC. AND LA MANAGEMENT HOLDINGS, LLC'S

Defendants Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC (""Defendants"), pursuant to Rule 12(b)(2) of the Federal Rule of Civil Procedure, move to dismiss the Complaint against them for lack of personal jurisdiction.

Movants are not subject to personal jurisdiction in Texas. Contrary to the allegations contained in the Complaint, the Movants have not entered into any contract with Plaintiff, have not consented to jurisdiction in Texas, and do not operate any business in Texas. The non-moving defendants, which each operate a nursing home in Virginia or Louisiana, did enter contracts with Plaintiff for Plaintiff to provide physical therapy services at the individual nursing homes in Louisiana or Virginia. While those contracts contain a permissive consent to jurisdiction for the contracting parties, that consent does not apply to Movants who were not parties to those contracts. Plaintiff improperly attempts to group all defendants together and use the contracts with the Nursing Home Defendants to create jurisdiction over all defendants. Personal jurisdiction must be established for each defendant.

The Defendants in this case can be divided into three groups: (1) the Nursing Home Defendants (the entities that operate the nursing homes in Louisiana and Virginia)[1]; (2) the Florida based entities that provided management services to the nursing homes and their Chairman of the Board (Traditions, LA Management, and Benjamin Atkins); and (3) the company that began providing physical therapy services at the nursing homes after Plaintiff's contracts were terminated (the Rehabilitation Department and its individual managing member Remko van der Voordt). The first group of defendants, the Nursing Home Defendants, entered contracts with Plaintiff to provide physical therapy services at their nursing homes in Louisiana and Virginia; those contracts contain consents to non-exclusive venue and jurisdiction in Texas. The second two groups of Defendants are not parties to any contract with Plaintiff, have not consented to jurisdiction or venue in Texas, and are the Movants in this Motion.

---

[1] The "Nursing Home Defendants" are: Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC.  The CPlace entities operate nursing homes in Louisiana; the other four operate nursing homes in Virginia.

The Complaint admits that none of the Movants are citizens of Texas, but attempts to assert jurisdiction based on conclusory allegations that they conduct business in Texas, have entered into contracts in Texas, and have consented to jurisdiction in Texas. These allegations are false and there are no allegations of fact which could support such conclusions.

The declarations submitted with this motion verify that there are no contracts between the Movants and Plaintiff and no basis for exercising personal jurisdiction over the Movants in Texas. Movants are not citizens of Texas, do not have minimum contacts with Texas, and do not do business in Texas.

Defendants have filed a memorandum of law in support of this motion to dismiss and incorporate the factual and legal arguments as the basis for this motion and submit the following Exhibits:

> Exhibit A:   Declaration of Traditions Senior Management, Inc.;
> Exhibit B:   Declaration of Benjamin Atkins as representative of LA Management;
> Exhibit C:   Declaration of Benjamin Atkins individually;
> Exhibit D:   Declaration of Remko van der Voordt as representative of the Rehab Department;
> Exhibit E:   Declaration of Remko van der Voordt, indivudally.

Accordingly, Movants respectfully request that the Court dismiss the complaint against Defendants Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., LA Management Holdings, LLC, and Benjamin Atkins without prejudice and for such further relief to which Movants may be entitled.

                Respectfully Submitted,

                __*/s/ Blake A. Bailey*_____
                Blake A. Bailey
                State Bar No. 01514700
                Christopher R. Jones
                State Bar No. 24070018
                Phelps Dunbar, LLP
                115 Grand Avenue, Suite 222
                Southlake, Texas 76092
                (817) 488-3134 – Tel.
                (817) 488-3214 – Fax.
                Email:  blake.bailey@phelps.com
                          chris.jones@phelps.com
                **ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF CONFERENCE**

    I hereby certify that I conferred with counsel for Plaintiff regarding the substance of the foregoing motion and that Plaintiff is opposed to the motion.

                __*/s/ Blake A. Bailey*_____
                Blake A. Bailey

## **CERTIFICATE OF SERVICE**

    This is to certify that on this 16th day of May, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically in accordance with the Federal Rules of Civil Procedure 5(b)(2).

                __*/s/ Blake A. Bailey*_____
                Blake A. Bailey