**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RELIANT PRO REHAB, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-CV-920-M** |
| | § | |
| **BENJAMIN ATKINS, et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**<u>DEFENDANTS' MOTION TO DISMISS OR TRANSFER VENUE
AND MEMORANDUM IN SUPPORT</u>**

Blake A. Bailey
Texas State Bar No. 01514700
Christopher R. Jones
Texas State Bar No. 24070018
**PHELPS DUNBAR, LLP**
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Telephone
(817) 488-3214 – Facsimile
blake.bailey@phelps.com
chris.jones@phelps.com
ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

Table of Authorities ..................................................................................................... iii

Factual Background ........................................................................................................3

Jurisdictional Facts.........................................................................................................4

Introduction....................................................................................................................6

Argument ........................................................................................................................7

      1.  Motion to Dismiss Under Rule 19(b)....................................................................7

      2.  Motion to Transfer ...............................................................................................8

Conclusion ...................................................................................................................11

PD.19368209.1

# TABLE OF AUTHORITIES

Page(s)

CASES

*Atl. Marine Constr Co. v. U.S. Dist. Court for the W. Dist. of Tex.*,
    134 S. Ct. 568 (2013) ............................................................................................................9, 10

*Bevil v. Smit Ams., Inc.*,
    883 F. Supp. 168 (S.D. Tex. 1995) ........................................................................................10

*Continental Grain Co. v. Barge FBL-585*,
    364 U.S. 19 (1960) ....................................................................................................................8

*Gulf Oil Corp. v. Gilbert*,
    330 U.S. 501 (1947) ................................................................................................................11

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ................................................................................................9

*In re Hoffmann-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) ..............................................................................................10

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ..............................................................................................11

*Peteet v. Dow Chem. Co.*,
    868 F.2d 1428 (5th Cir. 1989) ..................................................................................................9

*Tex. Util. Co. v. Santa Fe Indus., Inc.*,
    553 F. Supp. 106 (N.D. Tex. 1982) ..........................................................................................8

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) ..................................................................................................................8

*Vivant Pharms. v. Clinical Formula, LLC*,
    No. 10-21537, 2011 WL 1303218 (S.D. Fla. Mar. 31, 2011) ..................................................9

STATUTES

28 U.S.C. §1404(a) .............................................................................................................1, 8, 9

OTHER AUTHORITIES

FED. R. CIV. P. 5(b)(2) ..........................................................................................................12

FED. R. CIV. P. 19 ...........................................................................................................1, 7, 8

FED. R. CIV. P. 45 ..................................................................................................................10

iii

Defendants Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, Birdmont Health Care, LLC, CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC, CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC (collectively the "Nursing Home Defendants") move to dismiss this action under Fed. R. Civ. P. 19(b) or, alternatively, to transfer venue to the Middle District of Florida pursuant to 28 U.SC. §1404(a).

This Court does not have jurisdiction over all of the defendants, including those who are necessary parties for providing full relief, and all of the conduct, witnesses, documents, and activities relating to this case are located in other jurisdictions which do have jurisdiction over all of the necessary parties.  The claims asserted in this case are based on contracts negotiated, managed, and terminated in Florida and relate to services Plaintiff performed at nursing homes located in Louisiana and Virginia.  None of the Defendants, none of the services performed by Plaintiff or Defendants, and none of the actions which lie at the heart of this case took place in Texas.  The only connection this case has with Dallas is that Plaintiff is headquartered here.  The case should be dismissed or transferred to the Tampa Division of Middle District of Florida so all the claims and all the parties can be litigated together and where it will be most convenient for the parties and witnesses.

Defendants are a combination of three different groups:  (1) entities that operate nursing homes in Virginia and Louisiana;[1] (2) the companies and employees who are based in Florida

---

[1]  The Nursing Home Defendants that operate the nursing homes in Louisiana and Virginia are: Botetourt Health Care, LLC, Chesapeake Rehabilitation & Care Center, LLC, Essex Rehab & Care Center, LLC, and Birdmont Health Care, LLC.; CPlace University SNF, LLC, CPlace Timberwood SNF, LLC, CPlace Springhill SNF, LLC, CPlace Colonial RC, LLC,

1

and manage those nursing homes;[2] and (3) the company and its president who are based in Florida that hired to provide physical therapy services at the nursing homes after Plaintiff was terminated.[3]  Plaintiff is the only connection to Texas as Plaintiff is a Texas based company; however, it is a Texas company that contracted with entities in Florida to provide physical therapy services at the nursing homes in Virginia and Louisiana.

The performance of the services under the contracts all took place at the nursing homes in Virginia and Louisiana.  The negotiations over those contracts, the management of the contracts, the decisions to amend and then terminate those contracts, the billing services, the negotiations over disputed charges and defective performance under the contracts, and the hiring of a new physical therapy company all took place in Florida.  These are the allegations and facts giving rise to the dispute in this case and the evidence that is relevant, not the fact that Plaintiff is a Texas based company performing services outside the state.

Plaintiff bases venue and jurisdiction on a provision in the Therapy Services Agreement that consents to Texas venue and jurisdiction.  Two important points: (1) the contracts are only with the Nursing Home Defendants, not the parties against whom the bulk of the claims are asserted, and (2) the contract clause is only permissive, it does not mandate venue or jurisdiction. The gravamen of Plaintiff's complaint is the negotiations, contracts, and actions taken by the management companies who are not subject to jurisdiction in Texas.  Even the allegations against the Nursing Home Defendants who did consent to Texas jurisdiction and venue are based

---

CPlace Forest Park SNF, LLC , CPlace Unity SNF, LLC , and CPlace Baton Rouge SNF, LLC.

[2]  The two companies that provide management services to all of the Nursing Home Defendants are Traditions Senior Management, Inc. and LA Management Holdings, LLC; Benjamin Atkins is the Chairmand of the Board of Traditions and manager of LA Management.

[3]  The company hired to provide physical therapy services to some of the Nursing Home Defendants after Plaintniff's contract was terminated was the Rehab Department, LLC whose president is Remko van der Voordt.

on actions which took place in Florida.  Accordingly, Florida is the proper forum for this action to be resolved and it has jurisdiction over <u>all</u> of the parties.

## FACTUAL BACKGROUND

Traditions Senior Management, Inc. ("Traditions") manages certain nursing homes located in Virginia and Louisiana.[4]  Traditions, as manager of those nursing homes, negotiated and entered into a series of contracts with Plaintiff for Plaintiff to provide physical therapy services at the nursing homes that are all managed by Traditions.[5]  The contracts entered were between the entity which operates the particular nursing home and Plaintiff and required Plaintiff to provide services at the nursing home.[6]

Disputes arose between the parties; for example, Plaintiff's invoices were being audited and rejected by Medicaid as improper, services were not being provided and documented as required, and Defendants were withholding payment of Plaintiff's invoices.  The contracts were renegotiated by Traditions acting as the manager of the nursing homes, including Defendant's agreement to make certain payments and Plaintiff's agreement to provide improved and more accurate services and billings.  The Agreements were amended to provide that after a four month period, either party could terminate the agreement at will upon 30 days' notice and that in such a case, there would be no restrictions on competition or soliciting Plaintiff's employees.[7]

The Nursing Home Defendants and Plaintiff continued operating under the amended contracts for the next four months.  The Nursing Home Defendants then exercised their right to terminate the contracts.  Traditions, acting as manager for the Nursing Home Defendants, terminated the contracts between the nursing homes and Plaintiff and signed a contract with The

---

[4] *See* Declaration of Traditions Senior Management, Inc. at ¶4, attached hereto as Exhibit A.
[5] *Id.*
[6] *Id.* at ¶5.
[7] *Id.* at ¶¶5-6.

3

Rehab Department to perform the services at certain nursing homes.  The Rehab Department hired some of the physical therapists who were performing services and is continuing to provide the services at the nursing homes.[8]

Plaintiff asserts claims in this action for fraud, fraudulent inducement, breach of contract, quantum meruit, and tortious interference of contract, asserting that all Defendants are jointly and severally liable for all claims and all acts.  Plaintiffs' claims require the presence of all defendants before the Court to ensure accurate, consistent rulings, avoid duplication of effort, and proper presentation and consideration of its claims and the defenses asserted.  Plaintiff's claims even against the Nursing Home Defendants are dependent on the conduct alleged to be taken by the management companies for the nursing homes, Traditions, and LA Management Holdings, LLC.

## JURISDICTIONAL FACTS

Benjamin Atkins is a Florida resident who maintains his office in Clearwater Florida.[9]

Traditions and LA Management are the management companies for the various nursing home defendants.[10]  Traditions is a Nevada corporation with its principal place of business in Clearwater, Florida.[11]  LA Management contracts with Traditions to provide management services to the nursing homes it manages.[12]  All of the actions by the management entities at issue in this case took place from their offices in Clearwater, Florida.[13]  The contracts entered were negotiated from Clearwater, they were signed in Clearwater, all billings and accounting

---

[8]  *Id.* at ¶¶4-6.
[9]  Declaration of Benjamin Atkins at ¶3, attached hereto as Exhibit C.
[10]  Exhibit A at ¶4; Exhibit B at ¶4.
[11]  Exhibit A at ¶3.
[12]  Exhibit A at ¶4; Exhibit B at ¶4.
[13]  Exhibit A at ¶4; Exhibit B at ¶4.

4

services took place in Clearwater, and negotiations with Mr. van der Voordt and the Rehab Department took place in Clearwater.[14]

Benjamin Atkins is the CEO of Traditions and one of the primary persons involved in the negotiations with Plaintiff about the second amendment to the therapy service agreements.[15]  Mr. Atkins's office and residence is in Clearwater, Florida and he is not subject to jurisdiction in Texas.[16]

After months of trying to work with Reliant under the contracts with the nursing homes it managed, Traditions, in its capacity as manager of the nursing home facilities, terminated all of the contracts with Reliant and retained new service providers for each of the nursing home.[17] Traditions contracted with The Rehab Department, LLC.[18]

Traditions, LA Management, Benjamin Atkins, The Rehab Department, and Remko van der Voordt are all based in Florida, operate in Florida, did not consent to jurisdiction in Texas, and are not subject to jurisdiction in this Court one of the named defendants who is not subject to jurisdiction in Texas.[19]  Only the nursing home operating entities have consented to jurisdiction and that consent is merely permissive.

Plaintiff's claims are based on the negotiation and termination of the service contracts between the nursing homes and Plaintiff, the new contract entered into with the Rehab Department, and money allegedly owed by the individual nursing homes.  The only claims that are subject to jurisdiction in Texas are the claims under the Therapy Services Agreements.  The

---

[14] Exhibit A at ¶4; Exhibit B at ¶4.
[15] Exhibit C at ¶¶4-6.
[16] Exhibit C at ¶2; *see also* Motion to Dismiss for Lack of Personal Jurisdiction and memorandum in Support filed in this action [ECF Doc. Nos. 7, 8].
[17] Exhibit A at ¶8.
[18] Exhibit A at ¶4; Exhibit B at ¶4.
[19] *See* Motion to Dismiss for Lack of Personal Jurisdiction and memorandum in Support filed in this action [ECF Doc. Nos. 7, 8].

remaining claims regarding negotiations of the Second Addendum to the Therapy Services Agreement, contracting with a new physical therapy company, hiring physical therapists, are all claims that can only be determined with the presence of those defendants over whom this Court lacks jurisdiction.   For the claims against the nursing home entities who did consent to permissive jurisdiction, none of their witnesses or documents are within this district.   Plaintiff did not even provide the services in this jurisdiction; it provided them at the nursing homes that are located in Louisiana and Virginia.

## INTRODUCTION

Plaintiff filed its Complaint in the Northern District of Texas, Dallas Division asserting claims for breach of contract, quantum meruit, fraudulent inducement, common law fraud, and tortious interference with contractual relations.   Five of the defendants against whom suit was filed are not subject to personal jurisdiction in this District, which is the subject of a separate motion to dismiss.[20]   The five defendants over whom this Court does not have jurisdiction are key witnesses and integral defendants with respect to the subject matter of this litigation. Proceeding with the litigation in this district without those defendants will severely impair and impede their ability to protect their interests, and will prevent the court from according complete relief among the existing parties.   Accordingly, this lawsuit should be dismissed without prejudice to being refiled in a court that has jurisdiction and venue over all the parties.

In the alternative, because venue is inconvenient or improper for the Defendants in this District, it should be transferred to the Middle District of Florida.   None of the sixteen Defendants are citizens of Texas or do business in the state of Texas.   While eleven of the Defendants have consented to jurisdiction in Texas, five Defendants have not.   Venue is more

---

[20] Traditions, LA Management, Atkins, the Rehab Department, and van der Voordt.  *Id.*

6

convenient in the Tampa Division for the Middle District of Florida because all Defendants are subject to personal jurisdiction in that District, documents and witnesses are within that district, and all claims can be resolved one time in one trial. Therefore the Court should dismiss the suit or transfer it to the Tampa Division for the Middle District of Florida.

## ARGUMENT

### 1. Motion to Dismiss Under Rule 19(b)

The following five defendants are not subject personal jurisdiction in this Court and have filed a separate motion to dismiss: Benjamin Atkins, Remko van der Voordt, The Rehab Department, LLC, Traditions Senior Management, Inc., and LA Management Holdings, LLC. These individuals and companies are the operators and managers of the remaining defendants in this lawsuit so their presence is essential for the fair and complete resolution of the issues in dispute. Otherwise, the claims against the operating entities and those managing them are subject to disparate and duplicative treatment.

Rule 19(a) provides as follows:

(1)  A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if:
   a.  In that person's absence, the court cannot accord complete relief among existing parties; or
   b.  That person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
     i.  As a practical matter impair or impede the person's ability to protect the interest; or
     ii. Leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

Federal Rule of Civil Procedure 19(b) provides that if a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good

conscience, the action should proceed among the existing parties or should be dismissed.  The factors to be considered by the court in making such a determination include:

(1)  The extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)  The extent to which any prejudice could be lessened or avoided by:
   a.  Protective provisions in the judgment;
   b.  Shaping the relief; or
   c.  Other measures

(3)  Whether a judgment rendered in the person's absence would be adequate; and

(4)  Whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, five of the sixteen defendants are not subject to jurisdiction in this District and must be dismissed from this lawsuit.  Those five defendants are integrally involved in and key witnesses/parties to the litigation of the issues involved in this dispute. *See Tex. Util. Co. v. Santa Fe Indus., Inc.*, 553 F. Supp. 106, 110-11 (N.D. Tex. 1982) ("as a general rule in a suit to obtain relief from a contract all parties thereto are indispensable.").  Proceeding with this litigation without those five defendants will prevent the Court from being able to accord complete relief on the issues in dispute, and will prevent the defendants not subject to jurisdiction from being able to protect their interests.  Accordingly, this litigation should be dismissed pursuant to Rule 19(b).

**2.  Motion to Transfer**

A court may transfer a suit to any other district or division where it could have been brought for the convenience of the defendant and witnesses and in the interest of justice. 28 U.S.C. §1404(a).  The purpose of §1404(a) is "to prevent the waste 'of time, energy and money,' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960)).  The decision of whether to transfer a case pursuant to

28 U.S.C. §1404(a) is committed to the sound discretion of the Court. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). In deciding whether to transfer a case, a court should consider the balance of private and public interests. *Atl. Marine Constr Co. v. U.S. Dist. Court for the W. Dist. of Tex.,* 134 S. Ct. 568, 581 & n. 6 (2013).

Transfer is appropriate where: (1) the action could have been brought in the proposed alternative forum and (2) the case can proceed more conveniently and better serve the interests of justice in another forum. *See, e.g., Vivant Pharms. v. Clinical Formula, LLC*, No. 10-21537, 2011 WL 1303218, at *6 (S.D. Fla. Mar. 31, 2011). Both factors are present here. This action could have been brought in the Middle District of Florida, where all sixteen defendants are subject to personal jurisdiction. In addition, the private and public interest factors dictate that the case can proceed more conveniently and better serve the interests of justice in the Middle District of Florida.

The private interest of the litigants will be better served by transfer for the following reasons:

a. A transfer to the Middle District of Florida will be more convenient for Defendants' key witnesses. 28 U.S.C.§1404(a); *In re Genentech, Inc.*, 566 F.3d 1338, 1343-44 (Fed. Cir. 2009). Specifically, the following witnesses who are likely to be called to testify at trial are based in Florida:

    i. Benjamin Atkins is a resident of Florida;

    ii. Remko Van Der Voordt is a resident of Florida;

    iii. The Rehab Department, the company hired to provide physical rehabilitation services to the nursing homes after Plaintiff's termination is located in Florida and is not subject to jurisdiction in Texas.

b.   The cost of obtaining the attendance of witnesses will be substantially less in the Middle District of Florida.  *See Bevil v. Smit Ams., Inc.*, 883 F. Supp. 168, 170-71 (S.D. Tex. 1995).  Specifically, the witnesses identified in (a) above are based in Florida and would incur substantially fewer fees and costs with litigation in the Middle District of Florida as opposed to the Northern District of Texas.  The management of all of the nursing homes is performed in Clearwater, Florida.  The Rehab Department, LLC is managed from Clearwater, Florida.  While the nursing homes are physically located in Louisiana and Virginia, they are all managed from Clearwater, Florida.

c.   Some of Defendants' witnesses are unwilling to testify in the current forum and are beyond compulsory process of this Court.  *See* Fed. R. Civ. P. 45(c); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337-38 (Fed. Cir. 2009).  Specifically, Benjamin Atkins, Remko Van Der Voordt, The Rehab Department, LLC, Traditions Senior Management, LLC, and LA Management Holdings, LLC are not citizens of Texas, have not consented to jurisdiction in Texas, and are not subject to jurisdiction in Texas.  By appearing in Texas for trial and pretrial discovery and proceedings, they risk subjecting themselves to jurisdiction.  These individuals or employees/representatives of the corporate entities are necessary witnesses for both parties.  In contrast, all of the parties are subject to jurisdiction in the Middle District of Florida.

d.   Practical considerations make the trial of this case more efficient and less expensive in the Middle District of Florida District of Florida.  *Atl. Marine Constr. Co.*, 134 S. Ct. at 581 n.6.  A lawsuit having sixteen named defendants is likely to be cumbersome by its very nature.  In light of the fact that five of the named defendants are not subject to jurisdiction in the Northern District of Texas, retaining the lawsuit in this district for only eleven defendants and forcing separate litigation on the same facts in another district against the remaining five

10

defendants will only exacerbate the issue and serve to increase costs for all parties; plaintiff will still have to pursue its claims against the other defendants in a separate action.  Transferring the entire litigation, against all defendants, to the Middle District of Florida will make this case more efficient and less expensive.

The public interest will be better served by transfer because litigating the case in this District would force citizens in a community with no connection to the case or any Defendants' business to serve on the jury.  *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008); *cf Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947).   None of the sixteen Defendants are citizens of the State of Texas, the issues in dispute in this litigation have no relation to Texas at all, none of the services at issue in this lawsuit have any relation to Texas, none of the companies who have been hired to provide physical therapy services at the nursing home have any relation to Texas.  Therefore litigating the issues in dispute in this District does not serve the public interest.  In contrast, all of the Defendants are citizens of the State of Florida and subject to jurisdiction in that state.

## CONCLUSION

Because Plaintiff filed suit in an inconvenient district for all Defendants, the Court should transfer the suit to the Middle District of Florida.

11

Respectfully submitted,


/s/ Blake A. Bailey
Blake A. Bailey
State Bar No. 01514700
Christopher R. Jones
State Bar No. 24070018
Phelps Dunbar, LLP
115 Grand Avenue, Suite 222
Southlake, Texas 76092
(817) 488-3134 – Tel.
(817) 488-3214 – Fax.
Email:  blake.bailey@phelps.com
        chris.jones@phelps.com
ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with counsel for Plaintiff about the substance of this motion and that no agreement could be reached.  Accordingly, the motion is submitted to the Court for its determination as an opposed motion.

/s/ Blake A. Bailey
Blake A. Bailey


## CERTIFICATE OF SERVICE

This is to certify that on this 17th day of May, 2016, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court.  I hereby certify that I have served all counsel of record electronically in accordance with the Federal Rules of Civil Procedure 5(b)(2).

/s/ Blake A. Bailey
Blake A. Bailey

12